Parker C. J.
delivered the opinion of the Court. It does not appear by the report of the case, that Corey had, by contract or otherwise, exclusive or even any possession of the part of the close in which the nuisance existed. He had purchased a right to dig clay and make bricks in the area of two acres, but the plaintiff remained in legal and actual possession of all which Corey did not occupy. And it must be observed, that Corey could have no use for or occupancy of the old pits into which the water was conducted by the defendant. So that the objection to the verdict on this ground cannot prevail. •
As to the objection that the nuisance is public, and so the plaintiff could not maintain her action without alleging and proving a special damage, the principle contended for is right, but the application of it is wrong. What was done by the defendant to the plaintiff’s land, was strictly a private nuisance ; like conducting the water from the eaves of a house to another man’s ground ; and for this act the owner of the land has an action. The water, when there, may become a public nuisance, for which an indictment will lie against the owner of the land for suffering it to remain, and perhaps also against him who caused it to flow there ; but the injury done to the plaintiff was direct, whether the water became a public nuisance or not. In the cases mentioned in the defendant’s argument, the nui sanee is originally public, and it is only because a particular injury happens to an individual that a private action will lie.[1]
In regard to damages, the jury had proper instructions. If filling up the pit was necessary to destroy the nuisance, the necessity having been caused by the defendant, he ought to be liable for the expense. It does not appear by the report, that any cheaper mode could have been adopted, and there being an order from the board of health to fill it up, it should be presumed to have been necessary, unless the contrary had been shown.

Judgment according to verdict.

 See Barden v. Crocker, 10 Pick. 388; The People v. Albany, 11 Wendell, 539.